IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN J. STORTZ | § § | |
| v. | § § | CIVIL ACTION NO. 4:03CV222 |
| HOME DEPOT U.S.A., INC.; and HOME DEPOT OF TEXAS, INC. a/k/a HOME DEPOT INTERNATIONAL, INC. | § § § § § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STEVEN J. STORTZ, hereinafter called Plaintiff and files this cause of action against HOME DEPOT U.S.A., INC. and HOME DEPOT OF TEXAS, INC. a/k/a HOME DEPOT INTERNATIONAL, INC., hereinafter called Defendants. For causes of action, he shows the Court as follows:

I.
JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that:

2. The amount in dispute exceeds $75,000.00, exclusive of costs and interest. Plaintiff is a resident and citizen of Louisiana. Defendants are both residents and citizens of states (Georgia) other than Louisiana. Therefore, there is complete diversity of citizenship between the parties.

3. And/or jurisdiction is based, in the alternative on "Federal Question," ERISA (infra @ pp. 7 et seq.) per 28 U.S.C. §1331.

## II.
## PARTIES

4. Steven J. Stortz is a resident and citizen of Metairie, Louisiana.

5. Home Depot U.S.A., Inc. is a Georgia corporation doing business in Texas and may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6. Home Depot of Texas, Inc. a/k/a Home Depot International, Inc. is a Georgia corporation doing business in Texas and may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. (Both collectively called "Home Depot" hereinafter).

## III.
## VENUE

Venue lies in the Sherman Division (Lewisville, Denton County), Eastern District of Texas.

## IV.
## LIABILITY FACTS

7. On or about October 1, 2001, Steven J. Stortz, Plaintiff, was employed by Defendants as a sales associate in the plumbing department of the Home Depot Store, U.S.A, Inc. and/or Home Depot of Texas, Inc. a/k/a Home

Depot International, Inc., store number 524 in the city of Lewisville, Denton County, Texas.

8. At the time, the Defendants were not then subscribers to any policy of workers' compensation insurance, as was required by the laws of the State of Texas on a voluntary basis.

9. While acting in the course and scope of his employment for Defendants at all times material, the Plaintiff Steven J. Stortz, sustained serious personal injuries. He was in Defendants' plumbing department and was instructing a new employee. The Defendants had just implemented a new work plan. A night crew would unload merchandise in the receiving department, and stock it in the store at night. This was a new procedure. A night crew was pulling a manual pallet jack of solid wood front doors, weighing about 110 lbs. each, stacked vertically about 7 feet high (5 or 6 doors, nailed together in a freight frame); total weight: 600-700 lbs. The pallet jack operator made a right turn, and this caused the load to fall. The load fell onto Plaintiff and hit him on the back of the head.

10. Plaintiff was pinned down on top of a stack of boxes, and this is what kept him from falling all the way down to the floor. Plaintiff started screaming. Plaintiff tried to pull himself out, but could not. Other people tried to lift the doors but could not. It took about four people to lift the doors.

Plaintiff was removed and then collapsed onto the floor. Plaintiff had a concussion and was mumbling.

11. Plaintiff now suffers from seizures from head trauma, two to three times a week and now still 19 months later requires medical care.

## V.
## CAUSES OF ACTION

12. On the occasion in question, the Defendants were negligent, as that term is defined by law, in one or more of the following among other particular acts or omissions:

    A. Failing to provide him a reasonably safe place to work;

    B. Failing to warn the Plaintiff of the dangerous condition of the work place;

    C. Failing to promulgate appropriate safety rules concerning a new procedure; and

    D. Failing to enforce appropriate safety rules concerning a new procedure.

13. The foregoing acts and/or omissions were each a proximate cause, or a producing or concurring cause of the accident producing event and the injuries and damages suffered by Plaintiff, Steven J. Stortz.

## VI.
## DEFENDANTS ARE NON-SUBSCRIBERS

14. Home Depot Defendants are non-subscribers to the Texas Workers' Compensation Act (TWCA) voluntary insurance coverages. Therefore, Plaintiff sues herein under common law principles of negligence and gross negligence. Defendants-employers had a duty under respondeat superior, to warn Plaintiff of dangers and dangerous conditions while he was in the course and scope of his employment which he was at all times material herein.

15. His injuries were work related. In the alternative, Plaintiff alleges that his work related injuries in the Lewisville, Texas store owned, operated and maintained by Defendants which employed him were proximately caused by the ordinary and/or gross negligence of Defendants-employers under respondeat superior.

16. Home Depot Defendants are non-subscribers under TWCA, Tex. Lab Code Ann. §406.001-406.165 (Vernon 1996 & Supp. 1999)[1]. Defendants are liable under common law principles of negligence. They have a duty to use ordinary care in providing Plaintiff a safe work place.[2] *Werner* Id at 869. Defendants' duty is non-delegable and encompasses a duty to provide rules

---

[1] *Werner v. Colwell* 909 S.W.2d 866, 868 (Tex. 1995).
[2] *Leitch v. Hornsby* 935 S.W.2d 114, 117 (Tex. 1996).

and regulations for the safety of its employee, Plaintiff, and to furnish him safe machinery, equipment and instruments and to select careful and competent fellow servants[3]. Defendants have no common law defenses of contributory or comparative negligence or assumption of risk and/or negligence of a fellow employee §406.033 ante.

## VII.
## AVAILABLE DEFENSE TO DEFENDANTS

17. Defendants' sole two defenses are the Plaintiff's sole proximate cause of his own injuries and/or his own intoxication.

18. The Defendants adopted their own benefits plan to provide on site injury coverages. They are not exempt from federal preemption under §1003(b)(3), 29 U.S.C.A. 1002(1) et seq., ERISA.

19. The Texas Supreme Court has held that such Defendant non-subscribers to the TWCA benefits plan which requires employees to waive completely their common law remedies in order to receive benefits under the plan, did not violate the TWCA. An arbitration clause there was included. It was held to be enforceable.[4] The Chief Judge of this Court has held that such Defendant non-subscribers, as here, who adopt their own benefits plan

---

[3] *Burk Royalty Co. v. Walls* 616 S.W.2d 911, 923 (Tex. 1981).
[4] *Lawrence v. CDB Services, Inc.* 44 S.W.3d 544 (Tex. 2001).

to provide on site injury coverage are not exempt from preemption under §1003(b)(3) ante, ERISA.[5]

The Court, however, discussed whether a non-subscriber can or cannot create and maintain a self funded plan in order to avoid the requirements of the TWCA, per Schell, C.J.[6].

> "...A failure of either requirement is dispositive. *Guilbeaux v. 3927 Foundation, Inc.* 177 F.R.D. 387, 394 n. 2 (E.D. Tex. 1998) (concluding that since [such employee] plan was not 'solely to comply' with state law, a discussion of the 'separately administered' component was unnecessary)..."

*Hernandez* Id @ 362.

## VIII.
## ALTERNATIVE PLEAS FOR RELIEF

20. Breaches of Contract and Duty of Good Faith and Fair Dealing.

In the alternative, Plaintiff realleges all allegations above.

In the event that (1) there is alleged and sustained a claim of federal preemption by Defendants and/or inapplicability of "TWCA" ante, and/or an alleged policy in effect, and (2) this Court and/or Fifth U.S. Court of

---

[5] *Guilbeaux v. 3927 Foundation, Inc.* 177 F.R.D. 387, 393-394 (E.D. Tex. 1998). Complete federal preemption has been found in only two federal statutes, the Labor Management Relations Act (LMRA) infra at p. 10 and the above ERISA 29 U.S.C. §1001 et seq. *BLAB TV of Mobile, Inc. v. Comcast Cable Communications, Inc.* 182 F3d 851, 855 (11th Cir 1999); *Lucia v. Teledyne Continental Motors, et al.* 173 FSupp2d 1253 (S.D. Ala 2001).

[6] *Hernandez v. Jobe Concrete Products, Inc.* 282 F3d 360 C.A. 5 (Tex.) 2002, citing *Guilbeaux*, ante.

Appeals finally determines that ERISA ante, (as Employee Retirement Income Security Act of 1974 is called) per §514(a) ante, that Plaintiff may not maintain this common law negligence and gross negligence action and only in such events, Plaintiff realleges all prior allegations. He further avers:

A. That he was injured in the course and scope of his employment by Defendants in Defendants' retail store owned and operated in Lewisville, Denton County, Texas on or about October 1, 2001, as a proximate result of Defendants' ordinary and/or gross negligence or that of their employees under respondeat superior.

B. If Defendants maintained a no fault employee benefits plan (The Plan) that is alleged to have supplanted any requirements of "TWCA" coverages, Plaintiff did not receive a copy of such plan during his employment. On information, herewith attached to this Complaint is a true unexpurgated copy later furnished to his earlier co-counsel here.

C. Defendants breached such contract as (1) orally stated to Plaintiff and (2) breached their duties of good faith and fair dealing in connection therewith, under ERISA ante, and/or not under any Texas state common law, statute and/or pendent claims. *Erie Railroad Company v. Tompkins* 304 U.S. 64. (1938). If such plan is and was extant at all times material herein, then additional original jurisdiction is based upon 28 U.S.C.

§1331 ante and 29 U.S.C. §1144(a) "arising under the laws of the United States," i.e. Employee Benefit Plans (ERISA), ante.

21. However, Plaintiff specifically alleges (1) that his common law negligence claims and causes of action ante, is not within the auspices of ERISA and/or (2) that his state law common law negligence claims are not preempted, but that such above alternative claims are an exemption to ERISA preemption under the "Safe Harbor" provisions exempting it as applied in his case here. This for the above alleged reason that such Plan is maintained solely for the purposes of complying with applicable state law statutes, i.e. TWCA[7] ante.

Plaintiff in the alternative also brings his claims for Defendants' failures and refusals to pay him all benefits under said Employee Plan.

## IX.
## OTHER TEXAS PENDENT CLAIMS AND DAMAGES

All prior allegations are realleged.

22. Plaintiff in the alternative pleads for all such other Texas causes of action as are permitted by law now or in the past, since the date of his injuries or in the future, applicable retroactively, including but not limited to (1) intentional infliction of emotional distress on him by Defendants and (2)

---

[7] This conflict among the District Courts of Texas has been resolved in *Hernandez v. Jobe Concrete Products, Inc.* (Feb. 26, 2002) ante, (at fn. 6) in favor of this Court's determination in *Guilbeaux*, ante,

all others applicable by proper amendment with leave of this Court, first granted under this Court's orders.

## X.
## NO ELECTION FOR REMEDIES

All prior allegations are realleged.

23. Plaintiff by accepting one year's partial salary payment and limited medical under Defendants' above Plan did not make any binding election of remedies or waive or release any of his remedies or his rights to sue them for the above common law negligence, gross negligence and other causes of action under Texas laws above.

At most, (1) such payments were entitled, in the alternative, to an application of Tex. Civ. Prac. & Rem. Code Proportionate Responsibility, per Ch. 33 et seq. including a post verdict election for dollar for dollar credit, etc. Ch. 33.002, 003, 004 and 33.011-017 inclusively. Under *Erie Railroad Company v. Tompkins*, ante, if such is determined to be controlling substantive Texas law, and/or (2) F.R.Civ.P. 14 et seq. or any other federal statutes or Local Rules of this Court governing the same, etc.

24. This is not a case arising under the federal Labor Management Relationship Act (LMRA). Plaintiff, on information, had no collective bargaining Agreement (CBA) or union contract or union representative in

his employer-employee relations with Defendants at anytime material herein.[8]

## XI.
## EXHAUSTION OF ADMINSTRATIVE REMEDIES (IF ANY)

All prior allegations are restated.

25. Plaintiff has exhausted his above partial, limited and/or inadequate remedies under the above Employer Plan extant. He sustained permanent, serious, painful and disabling injuries, above, proximately caused by Defendants ordinary common law negligence and/or gross negligence under respondeat superior.

26. Plaintiff has preserved his claims and causes of action under Texas Labor Code Ann. §406.002, et seq., 406.033 (West 1995 as later amended) and not waived them under §406.034 inter alia because the "...benefits to its (Defendants) employees is not equal to or greater than those provided under the Texas Workers' Compensation Act..." Hence, said Defendants' Plan is not a valid or enforceable contract or bar to this suit for his common law Texas actions for negligence, etc. and/or applicable Texas statutes.

27. Among the reasons for this is that Plaintiff as an employee under such extant Agreements was never given the choice of doctors or treatments of his choice. Instead, he was sent to a pre-selected and approved doctor solely

---

[8] *Cupit v. Walts* 90 F.3d 107 C.A.5 (Tex.) 1996

of Defendants' choice who failed and refused to order or have performed necessary, usual and customary diagnostic tests on him, including MRI (Magnetic Resonance Imaging) for his seriously injured head. Nor was he provided medically necessary diagnostic procedures, treatment, therapy, medications, etc. for his petit mal seizures proximately resulting from his head injury for which he remains seriously disabled.

## XII.
## ACTUAL DAMAGES

28. Plaintiff sues for the following actual damages proximately resulting from Defendants joint and several negligence and/or gross negligence, breaches of contract and/or breaches of duties of good faith and fair dealing, and/or intentional infliction of mental distress:

   A. Physical pain and mental anguish in the past and in the future;

   B. Loss of past earnings and of the diminished present value of future earning capacity;

   C. Disfigurement in the past and in the future;

   D. Past medical. hospital and prescription bills and those which in reasonable medical probability he will sustain in the future, both which are usual, customary, ordinary and necessary and proximately resulting from Defendants above acts and/or omissions; and

E.  Usual, reasonable, necessary and customary attorney fees and costs paid in the past and incurred in the future and taxable costs of Court paid and advanced and incurred.

## XIII.
## PUNITVE DAMAGES

29. Plaintiff sues Defendants severally for punitive damages resulting from the above gross negligence of and/or Defendants malice and/or reckless disregard and conscious indifference to Plaintiff's rights, safety and welfare as permitted by applicable federal laws, etc. and/or Texas Civil Practice and Remedies Code § 41.001 et seq. whichever is applicable and controlling, in a sum not to exceed ten times his above actual damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be summoned to appear and asks the Court to enter after trial, the highest Judgment to which Plaintiff is entitled to receive under the laws of Texas and/or applicable federal laws for his actual damages in the sum of $4 million, jointly and severally, plus prejudgment interest and post judgment interest at the maximum rates permitted by applicable laws; and for punitive damages in a sum not exceeding ten times his actual damages and post judgment interest thereon, such total sums at the maximum rate of interest permitted by law, severally against each Defendant; and for his

usual, reasonably, necessary and customary attorney fees; and for all taxable costs of the court.

Respectfully submitted,

Newton B. Schwartz, Sr.
TBN: 17869000
Fed I.D. : 5080
1911 Southwest Freeway
Houston, Texas 77098
Telephone: (713) 630-0708
Telecopier: (713) 630-0789

Benton Musslewhite
TBN: 14752000
6220 Gaston Avenue, Suite 606
Dallas, Texas 75214
Telephone: (713) 824-4798
Telecopier: (713) 823-2850